1  KEVIN V. RYAN, SBN 118321
   United States Attorney
2  JOANN M. SWANSON, SBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   SARA WINSLOW, DCBN 457643
4  Assistant United States Attorney

5  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
6  Telephone: (415) 436-7260
   Facsimile: (415) 436-7169

7

8  Attorneys for Defendant

FILED

MAR  7 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

   BEATRIZ DIAZ,                    )
12                                  )
        Plaintiff,                  )    CIVIL NO.  05-01044 MJJ
13                                  )
        v.                          )    STIPULATION AND ORDER OF
14                                  )    REMAND
   JO ANNE B. BARNHART,             )
15 Commissioner of Social Security, )
                                    )
16      Defendant.                  )
                                    )

17

        The Commissioner has notified the United States Attorney's Office that significant portions

18
   of the recording of the administrative hearing, which was held on May 11, 2004, are inaudible.
19
   The Commissioner of Social Security has, therefore, requested remand under Sentence 6 of 42 U.S.C.
20
   405(g) in order to remand the claim to an Administrative Law Judge for a *de novo* hearing.
21
        Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g):
22
        The court may, on motion of the Commissioner made for good cause shown before he
23      files his answer, remand the case to the Commissioner for further action by the
        Commissioner .
24
   See Melkonyan v. Sullivan, 501 U.S. 89, 101 n.2 (1991); Shalala v. Schaefer, 509 U.S. 292(1993).
25
        The joint conference committee of Congress in reporting upon the Social Security Disability
26
   Amendments of 1980 (to the Social Security Act) stated that in some cases procedural difficulties,
27
   such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Secretary.  The
28

1   intent of the committee was that such procedural defects be considered "good cause" for remand.

2   The committee states:

3      Such a situation is an example of what could be considered 'good cause' for remand.
       Where, for example, the tape recording of the claimant's oral hearing is lost or
4      inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be
       located or are incomplete, good cause would exist to remand the claim to the
5      Secretary for appropriate action to produce a record . . . (H.R. Rep. No. 96-944, 96th
       Cong., 2d Sess. 59 (1980)).

6
       Good cause having been shown, the parties agree that this action should be remanded to the
7
    Commissioner of Social Security for further proceedings.  Upon receipt of the Court's order of
8
    remand, the Appeals Council will remand the case to an Administrative Law Judge for reconstruction
9
    of the administrative record.  The ALJ will then hold a *de novo* hearing and issue a new decision.
10
    Defendant will respond to Plaintiff's complaint in this Court when Plaintiff's record is complete
11
    and/or when an administrative transcript is prepared. The Clerk of The Court
12  shall administratively close this action. Upon The filing of The
13  new administrative decision, either party may move to re-open
14  The action.

15  Dated: March 2, 2006                          /s/
                                                  GINA FAZIO
16                                                Attorney for Plaintiff

17                                                KEVIN V. RYAN
                                                  United States Attorney
18

19

20  Dated: March 3, 2006           By:           /s/
                                                  SARA WINSLOW
21                                                Assistant United States Attorney

22  PURSUANT TO STIPULATION, IT IS SO ORDERED that this action is remanded, pursuant to

23  sentence six of 42 U.S.C. 405(g), to the Commissioner for further proceedings as stated above.

24

25

26  Dated: 3/7/06

27  MARTIN J. JENKINS
    United States District Judge
28


DIAZ, REMAND STIP S6 (mc)
C 05-01044 MJJ                          2